UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61474-CV-BLOOM

TIMOTHY HOWELL,

    Plaintiff,
v.

DEJARNIRA RICHMOND, *et. al.*,

    Defendants.
_____/

## ORDER REQURING AMENDED COMPLAINT

**THIS CAUSE** came before the Court upon a review of *pro se* Plaintiff Timothy Howell's Complaint, ECF No. [1], and Notice of Indigent Status Affidavit, ECF No. [3]. For the following reasons, the Notice of Indigent Status Affidavit is denied without prejudice, and Plaintiff must amend his Complaint in accordance with this Order.

### I.    BACKGROUND

Plaintiff, a state pretrial detainee, files suit against the Deerfield Beach Police Department, the Broward Sheriff's Office, and Officer Dejarnira Richmond alleging claims of "1.) Excessive Force, 2.) Gross Negligence, 3.) Culpable Negligence, 4.) Negligence, 5.) Malice, 6.) Malicious Intent, 7.) Any that apply otherwise." ECF No. [1] at 1.[1] Plaintiff states that "[t]his action stems from an incident which occurred in a Broward County Criminal Case Number 22-0038-44-CF10A involving Dejarnira Richmond, Police Badge or I.D. No. 18779 and or all parties listed above as Defendant(s)." *Id*. In short, Plaintiff alleges that excessive force was used — by way of a police K-9 — during his arrest on April 20, 2022. *See generally id.*

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

## II.     LEGAL STANDARDS

Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

In addition, shotgun pleadings are not allowed — even from *pro se* plaintiffs. There are four types of shotgun pleadings that violate Federal Rules of Civil Procedure 8(a), 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing

> each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

### III.    DISCUSSION

#### A.    Shotgun Pleading

The Complaint falls under multiple categories of shotgun pleadings. First, although Plaintiff lists seven causes of action, he fails to specify what facts are provided in support of each cause of action. *See* ECF No. [1] at 1. The Complaint thus commits the "sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

Additionally, Plaintiff fails to specify which Defendant or Defendants are responsible for the various causes of action. *See* ECF No. [1] at 1. Plaintiff thus commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. In sum, the Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. Plaintiff shall have one opportunity to amend.

### B. Improper Defendants

Plaintiff's Complaint lists two ineligible defendants. First, he attempts to sue Defendant, Broward County Sheriff's Office. Plaintiff may not name the Broward County Sherriff's Office as a defendant because under Florida law, "sheriff's offices lack the legal capacity to be sued." *Wilk v. St. Lucie Cnty. Fla. Sheriff Off.*, 740 F. App'x 658, 662 (11th Cir. 2018) (citation omitted).

Second, Plaintiff attempts to sue the Deerfield Beach Police Department. Plaintiff may not name the Deerfield Beach Police Department because "[i]n Florida, a police department lacks the legal capacity to be sued." *Dumond v. Miami-Dade Police Dep't*, No. 21-22918-CV, 2021 WL 4527417, at *2 (S.D. Fla. Sept. 16, 2021) (citations omitted). Plaintiff shall have one opportunity to amend.

### C. Notice of Indigent Status Affidavit

Plaintiffs who cannot pay the filing fee may file a motion for leave to proceed *in forma pauperis* to proceed with their action without initial payment of the fee. *See* 28 U.S.C. § 1915. Section 1915 requires that plaintiffs file a motion for leave to proceed *in forma pauperis* accompanied by "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id*. at (a)(1). It further requires that a plaintiff "submit a certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint . . . ." *Id.* at (a)(2). A plaintiff who is granted *in forma pauperis* status is exempt from the $52 administrative fee but remains responsible for payment of the $350 filing fee. *See id.* at (b)(1). Because Plaintiff failed to pay the filing fee or file a motion for leave to proceed *in forma*

*pauperis* with a supporting financial affidavit and a certified trust account statement, his Notice of Indigent Status Affidavit is denied without prejudice.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Notice of Indigent Status Affidavit, **ECF No. [3]**, is **DENIED without prejudice**. On or before **September 1, 2023**, Plaintiff must file a Motion for Leave to Proceed *In Forma Pauperis* on this District's form together with his six-month certified inmate trust account statement and supporting financial affidavit. The Clerk is **DIRECTED** to provide Plaintiff with this District's form Motion for Leave to Proceed *In Forma Pauperis* alongside this Order.

2. On or before **September 1, 2023**, Plaintiff shall file an Amended Complaint that cures the abovementioned deficiencies. The Amended Complaint must be signed under the penalty of perjury and must provide a short and plain statement of all claims for relief, a basis for federal jurisdiction, and a demand for judgment.

3. The Amended Complaint shall be the **sole operative pleading** considered in this case; only the claims alleged therein will be addressed by the Court. Therefore, the Amended Complaint must not refer to the original complaint or incorporate by reference claims raised or arguments made therein. Similarly, the Amended Complaint must not incorporate by reference arguments or text from any other documents, including any exhibits.

4. The Amended Complaint must contain a separate paragraph as to each defendant explaining what the defendant did and the supporting facts to show why that person is being sued.

5. The Amended Complaint must be titled **"Amended Complaint"** and must show **23-cv-61474-Bloom** so that it will be filed in this case.

Case No. 23-cv-61474-BLOOM

6. Plaintiff must not expand the scope of the case by alleging new unrelated claims or adding new unrelated defendants in the Amended Complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

7. Plaintiff is warned that failure to file the Amended Complaint and Motion to Proceed *In Forma Pauperis* on time and in compliance with this Order will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 2, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Timothy Howell
212300678
Broward County Jail-NBB
North Broward Bureau
Inmate Mail/Parcels
Post Office Box 407037
Ft. Lauderdale, FL 33340
PRO SE