UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-61474-BLOOM/Valle**

TIMOTHY HOWELL,

    Plaintiff,

v.

MILAN ASOUS,
a deputy sheriff in his individual capacity,
and DEJARNIRA RICHMOND,
a deputy sheriff in his individual capacity,

    Defendants.
_____/

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiff Timothy Howell's Motion to Proceed *In Forma Pauperis* ("Motion"), ECF No. [8]. Plaintiff filed an Amended Complaint that was docketed on August 21, 2023, ECF No. [7], and thereafter filed a Corrected Amended Complaint ("Corrected Complaint"), ECF No. [10]. Plaintiff is proceeding *pro se* and has not paid the required filing fee. The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

    **I.**    **Background**

The Corrected Complaint alleges that on April 20, 2022, the Defendants, Broward County Deputy Sheriffs Milan Asous and Dejarnira Richmond, sought to apprehend the Plaintiff based on suspicion of felony theft and other offenses. ECF No. [10] ¶ 1. During the pursuit Plaintiff fled to the bank of a canal to hide. He remained stationary near the waterline among shrubs or mangroves and clearly visible to the Defendants. *Id.* ¶ 8. At no time did Plaintiff make any threat by word or act of violence toward the Defendants. *Id.* ¶ 9. When the Defendants were

within several feet of the Plaintiff, Defendant Asous released the K-9 unit under his command allowing the dog to attack Plaintiff. *Id.* ¶ 10. Defendants failed to promptly recall the K-9 unit despite Plaintiff's repeated attempts to surrender. *Id.* ¶¶ 11-18.

The Corrected Complaint alleges that Defendant Asous violated 42 U.S.C. § 1983 and committed a common law battery by using excessive force during Plaintiff's arrest, and that Defendant Richmond violated 42 U.S.C. § 1983 by failing to intervene to prevent the violation of Plaintiff's constitutional rights. *Id.* ¶¶ 21-35. Plaintiff accordingly asserts three Counts against Defendants: (1) Violation of 42 U.S.C. § 1983—Excessive Use of Force (Defendant Asous), (2) Violation of 42 U.S.C. § 1983—Failure to Intervene (Defendant Richmond), and (3) Battery (Defendant Asous).

## II. Legal Standard

### A. Proceedings *in Forma Pauperis*

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*).

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1]

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). Further, the Section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

## B. Examination Under the Provisions of 28 U.S.C. § 1915(e)(2)

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

In determining what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), the Eleventh Circuit has held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of

the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

In determining whether an action fails to state a claim on which relief may be granted, the following standards are relevant. A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### III. Discussion

#### A. Plaintiff's Amended Complaint Under 28 U.S.C. § 1915(e)(2)

Because the screening provisions of 28 U.S.C. § 1915(e)(2) apply to Plaintiff's Motion, the Court first reviews the Corrected Complaint to determine whether it is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court finds that all three Counts of Plaintiff's Corrected Complaint allege a plausible claim to relief.

##### i. 42 U.S.C. § 1983—Counts I and II

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff alleges that by unnecessarily deploying a K-9 unit to arrest him, Defendant Asous violated his "constitutionally protected right against excessive use of force." ECF No. [10-1] ¶¶ 22-24. Plaintiff also alleges that Defendant Richmond violated Section 1983 by failing to intervene. ECF No. [10-1] ¶¶ 29-31.

As with all excessive force claims brought under Section 1983, the "analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Plaintiff's Section 1983 excessive force claim implicates the Fourth Amendment's prohibition on unreasonable seizures.[2] Excessive force claims are properly characterized as "invoking the protections of the Fourth Amendment" where, as here, the claim "arises in the context of an arrest … of a free citizen[.]" *Graham v. Connor*, 490 U.S. 386, 394 (1989). Plaintiff alleges that Defendant Asous violated Section 1983

---

[2] The Fourth Amendment applies to Defendants, employees of Broward County, Florida, through the Due Process Clause of the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643 (1961).

by subjecting Plaintiff to an unreasonable seizure in the form of excessive force used during his arrest. ECF No. [10] ¶¶ 21-28. Defendant Asous allegedly did so by deploying and failing to promptly recall a K-9 unit despite Plaintiff's lack of resistance, leading to the K-9 unit inflicting significant wounds on Plaintiff. ECF No. [10] ¶¶ 24-26. Plaintiff's Amended Complaint alleges that Defendant Asous used excessive force in his "official capacity as a law enforcement officer" and was "acting under the color of law" when he deployed the K-9 unit against Plaintiff. ECF No. [10] ¶¶ 7, 22. Those allegations are not facially baseless or frivolous, and Defendants may properly be sued in their individual capacities for monetary relief. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.") (internal citation omitted)). In short, Plaintiff sufficiently alleges that Defendant Asous violated Section 1983 by using excessive force in the course of his arrest.

Plaintiff also alleges that Defendant Richmond violated Section 1983 by failing to intervene during Defendant Asous's use of excessive force during Plaintiff's arrest. ECF No. [10] ¶¶ 29-31. Under Section 1983, "when an officer is not a participant in the excessive force, he can still be liable if he fails to take reasonable steps to protect the victim." *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)). "The plaintiff has the burden to demonstrate that the defendant was in a position to intervene but failed to do so." *Id.* (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008)). Plaintiff alleges that Defendant Richmond stood by and/or participated in the arrest yet failed to stop Defendant Asous from using excessive force. *Id.* ¶ 31. Instead, Plaintiff alleges Defendant Richmond kept his gun drawn and pointed directly at Plaintiff as the K-9

6

attacked, failing to intervene despite an "unobstructed opportunity to do so." *Id.* ¶¶ 12, 19. Those allegations sufficiently state a plausible claim for relief on Plaintiff's failure to intervene claim.

### ii. Battery—Count III

The Court has already determined that Plaintiff stated a plausible claim for excessive force in Count I. It follows that Plaintiff's common law battery claim states a plausible claim to relief as well, as "Florida law dictates that '[i]f excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery.'" *Secondo v. Campbell*, 327 F. App'x 126, 132 (11th Cir. 2009) (citing *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. Dist. Ct. App. 1996)). Plaintiff has accordingly stated a claim upon which relief may be granted.

Plaintiff has plausibly alleged claims to relief on Counts I, II, and III of his Corrected Complaint, and the allegations do not otherwise appear frivolous, meritless, or to seek monetary relief from those who are immune from such relief.

### B. Plaintiff's Motion to Proceed *In Forma Pauperis*

Plaintiff also seeks to proceed *in forma pauperis* to pursue his claims against Defendants Asous and Richmond. *See* ECF No. [8]. Plaintiff states that he is currently incarcerated as a pretrial detainee, he has no money in his bank account or other assets to speak of, and he owes "over $1,900 in debt to Broward Health Collections." *Id.* at 2. Plaintiff also provided a non-certified copy of his account balance at Broward County Jail, which indicates that he has an outstanding debt balance of over $7,700. *See* ECF No. [3]. After examining Plaintiff's financial affidavit, the Court determines that Plaintiff is unable to pay the required filing fee as required for indigent status under § 1915.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff' Motion to Proceed *In Forma Pauperis,* **ECF No. [8]**, is **GRANTED**.

2. Plaintiff is **DIRECTED** to submit to the Clerk of Court a summons for each

Case No. 23-cv-61474-BLOOM/Valle

Defendant and the Corrected Complaint for service upon Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 5, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Timothy Howell**
North Broward Bureau
P.O. Box 407037
Fort Lauderdale, FL 33340
PRO SE